62 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse Marshall WALKER, Defendant-Appellant.
 No. 94-50563.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesse Marshall Walker, a licensed firearms dealer, appeals the 46 month sentence imposed following his plea of guilty to conspiring to transfer firearms without keeping proper records in violation of 18 U.S.C. Secs. 371, 922(b)(5). Walker claims the district court departed upward from the applicable sentencing range without adequate explanation. The government agrees. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 "[T]o facilitate appellate review, the district court must explain in detail the reasons behind the imposition of a particular sentence, analogizing to other Guidelines provisions." United States v. Hicks, 997 F.2d 594, 599 (9th Cir. 1993). "If the district court fails to articulate reasons for the extent of its departure or if the analogy is not reasonable, we must vacate and remand." United States v. Streit, 962 F.2d 894, 905 (9th Cir.) (citation omitted), cert. denied, 113 S. Ct. 431 (1992).
 
 
 4
 Here, the Sentencing Guidelines dictated a range of 24 to 30 months. The government sought a downward departure to reward Walker's substantial assistance, and recommended a sentence at the bottom of the resulting Guidelines range. Instead, the district court elected to depart upward in light of the 29 firearms police traced to Walker's operation that were recovered in crime-related incidents. Without further elaboration, the district court imposed a sentence of 46 months.
 
 
 5
 Walker and the government agree that Guidelines section 2K2.1(b)(5) provides authority for the district court's determination, but the possibility of a proper explanation or analogy is not the same as an explanation itself. See United States v. Hernandez-Rodriguez, 975 F.2d 622, 629 (9th Cir. 1992). Accordingly, we vacate and remand. See Streit, 962 F.2d at 903. On remand, the district court must cite the authority for and explain the degree of any departure it elects to make.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3